**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **AYANNA McELRATH, et al.,** | ) CASE NO. 1:16 CV 2907 |
| | ) |
| **Plaintiffs,** | ) JUDGE DAN AARON POLSTER |
| | ) |
| vs. | ) <u>**OPINION AND ORDER**</u> |
| | ) |
| **CITY OF CLEVELAND, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

Before the Court are three motions the *Pro Se* Plaintiffs filed on October 20, 2017:

1) Motion for Extension of Time (**Doc #: 45**),

2) Motion for Abeyance (**Doc #: 46**), and

3) Motion for Estoppel (**Doc #: 47**).

For the following reasons, the Motions are **DENIED**.

**I.**

**A.**

As a preliminary matter, the Court is concerned about the number of frivolous, premature and unintelligible motions Plaintiffs have been filing in this case. In the Motion for Extension of Time, Plaintiffs ask the Court to extend all deadlines in the Case Management Plan one month due to the "recent death [of] grandmother['s] acquaintance." (**Doc #: 45** at 2.)

Plaintiffs have previously requested two extensions of time stating that Ayanna McElrath is "epileptic and can lose my memory at times." (Doc ##: 15, 17.) Plaintiffs also asked the

Court to extend the Case Management Conference one month due to Ayanna McElrath's "increased seizure activity from the stress of ongoing court procedures." (Doc #: 36.) When a member of the Court's staff contacted Ayanna regarding the latter request, however, Ayanna explained that there was going to be oral argument in a state court case in which she was involved on the same day as the CMC, and she was unable to attend both. The Court is also concerned that Plaintiffs are not taking this case seriously, as they have filed a motion referring to themselves variously as "Painters" and "Plankton's." (See id. at 2.) This is unacceptable.

While the Court is willing to extend deadlines for legitimate reasons, the Court finds that the death of a grandmother's acquaintance is an insufficient basis for the Court to extend all deadlines established, agreed to, and executed by the parties during the CMC held on September 20, 2017. (Doc #: 43.)

Accordingly, the Court **DENIES** the Motion for Extension (**Doc #: 45**).

**B.**

In the Motion for Abeyance, Plaintiffs ask the Court to stay this case until the Office of Professional Standard's ("OPS") investigation is completed. (**Doc #: 46**.) Plaintiffs have divided this motion into two sections: "Redaction" and "Conflict of Interest." As best the Court can guess, Plaintiffs are contending that Defendants are using the OPS' continuing investigation of Plaintiffs' citizen's complaint to impede their discovery and public records' requests. More specifically, because not all of the officers at the scene of Plaintiffs' December 2015 arrests have filed a formal report, Defendants must be hiding something. And there is no reason for Defendants to redact footage from the body camera the officers wore before giving that footage to Plaintiffs.

There is no reason why Plaintiffs can't depose the officers who were present at the scene of their arrests regardless of whether or not they filed a formal report. At the same time, there is no reason for Defendants to withhold or redact footage from body cameras worn by officers that captured Plaintiffs' arrests prior to submitting them to Plaintiffs in the course of discovery. If Defendants are withholding or redacting footage, there may be a discovery dispute. The proper procedure for handling discovery disputes is located in Local Rule 37.1 of the Local Rules for the United State District Court, Northern District of Ohio. As noted in previous orders, even Plaintiffs proceeding *pro se* must familiarize themselves with the Local and Federal Civil Rules *and follow those rules*.

That said, there is no reason for the Court to stay discovery pending the completion of the OPS' investigation of their citizen's complaint, assuming it is in fact ongoing. Consequently, the Court **DENIES** this Motion **(Doc #: 46).**

**C.**

Plaintiffs' Motion for Estoppel is unintelligible. (**Doc #: 47**.) Here, Plaintiffs expound *ad nauseum* on such topics as punishment, DNA collection and double jeopardy. They make such undecipherable statements as:

> As plaintiff ask for this motion malicious prosecution claim still applies, Cleveland City Prosecutor still proceeded with misdemeanor charged. This was done knowing plaintiffs served there sentence for a felony crime."

(Id. at 5.) As far as malicious prosecution is concerned, that claim was dismissed in the Opinion and Order dated July 26, 2017. (Doc #: 30 at 6-7.) Otherwise, the Court cannot interpret their argument(s) and, thus, **DENIES** this Motion as well.

## II.

Plaintiffs representing themselves are charged with familiarizing themselves with, and following, the Federal Civil and Local Rules. They are also prohibited from filing motions that are frivolous or unintelligible. If Plaintiffs continue to file motions that are frivolous or unintelligible, the Court will be required to impose sanctions, which could include dismissing the remaining claims.

Based on the foregoing, Plaintiffs' Motions (**Doc ##: 45, 46 and 47**) are **DENIED**.

**IT IS SO ORDERED.**

                                           /s/ Dan A. Polster    October 24, 2017
                                           **Dan Aaron Polster**
                                           **United States District Judge**