# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| AYANNA McELRATH, et al., ) | CASE NO. 1:16 CV 2907 |
| ) | |
| Plaintiffs, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| CITY OF CLEVELAND, et al., ) | |
| ) | |
| Defendants. ) | |

This case is before the Court upon Defendant Officer Judd's and Defendant Officer Collins' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 and, in the Alternative, Motion to Dismiss for Failure to Prosecute ("Motion for Sanctions" or "Motion"). (**Doc #: 63**.) The Court has reviewed the Motion, the response memorandum (Doc #: 65), and the reply (Doc #:66) and is prepared to issue its ruling.

**I.**

On September 20, 2017, the Court held a Case Management Conference. After consultation with the parties and counsel, the Court issued a Case Management schedule with a discovery deadline of February 20, 2018. (Doc #: 43.)

One month later, Plaintiffs filed a Motion for Extension of Time, a Motion for Abeyance, and a Motion for Estoppel. (Respectively, Doc ##: 45-47.) At that time, the Court issued an Order denying all three motions and concluded:

> Plaintiffs representing themselves are charged with familiarizing themselves with, and following the Federal Civil and Local Rules. They are also prohibited from filing motions that are frivolous or unintelligible. If Plaintiffs continue to file motions that are frivolous or unintelligible, the Court will be required to impose sanctions, which could include dismissing remaining claims.

(Doc #: 48 at 4.)

Two weeks later, the Court issued an Order stating in relevant part:

On November 3, 2017, the deadline for the parties to submit mid-discovery Status Reports to the Court, Plaintiffs submitted nothing. Defendants, on the other hand, filed a timely Status Report. They noted that they were *still* waiting for the medical records authorizations for the release of medical records from both Plaintiffs, which Plaintiff stated at the September 20 CMC they would produce by the first week of October. Defendants also noted that they were awaiting responses to written discovery requests that they served Plaintiffs on October 13, 2017. And Plaintiffs have not yet propounded any written discovery requests on Defendants, which they intend to do "at some point in the near future."

Defendants also pointed out that Plaintiffs have failed to provide Defense Counsel with a written demand, a breakdown of damages, or any medical documentation evidencing damages since the September 20, 2017 CMC.

This Order follows a history of extension requests and the filing of numerous premature, nearly unintelligible motions by Plaintiffs. The Court cannot allow Plaintiffs to tie up Defendants' and the Court's time and resources bringing a case they are unable to litigate representing themselves.

The Court hereby **ORDERS** Plaintiffs to provide medical records authorizations for medical record releases to Defendants **before the Status Conference on Wednesday, November 8, 2017 at 9:00 a.m**. Failure to do so may result in sanctions, including a dismissal of this case for lack of prosecution.

(Doc #: 49 at 1-2.)

On November 8, 2017, the Court held a Status Conference with Plaintiffs, Defendants Judd and Collins, the City's representative Elena Boop and Defense Counsel Janeane Cappara and Marian Toney, after which it issued a Non-Document Minutes stating that all medical releases were signed, but directing Plaintiffs "to respond to Defendants' discovery by **Friday, November 17, 2017**, [and] failure to do so will result in sanctions." (11/8/2017 Minutes of Proceedings.)

-2-

On November 14, 2017, the Court issued an Order stating:

> Plaintiffs are ORDERED to return properly executed medical releases to the City of Cleveland **no later than November 22, 2017** or this case will be dismissed. Counsel for the City of Cleveland is directed to notify the court upon receipt of Plaintiffs' releases.

(11/14/2017 Non-Document Order.)

On December 4, 2017, Plaintiffs filed a Motion for Leave to Amend Amended Complaint a Motion to File Second Amended Complaint, and Notice of Evidence. (Respectively, Doc ##: 54, 55, 56.) On December 15, 2017, the Court issued an Opinion and Order stating:

> The proposed Second Amended Complaint alleges the same claims that were raised before, most of which were dismissed as a matter of law. (See Doc #: 30.) Indeed, the only claims that survived the Motion to Dismiss were LaCretia McElrath's excessive force and assault and battery claims against Officer Collins, Ayanna McElrath's federal excessive force and assault and battery claims against Officers Collins and Judd, and Ayanna McElrath's claim for negligent infliction of emotional distress claim. (Id.) Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 308 (6th Cir. 2008); *Watts v. United Parcel Services, Inc.*, No. , 2011 WL 587234 at * (S.D. Ohio Feb. 9, 2011). "This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Tri County Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC.*, 66 F.Supp.3d 974, 981 (S.D. Ohio 2014). Accordingly, both Motions are hereby **DENIED**.
>
> On November 8, 2017, the Court held a status conference with Plaintiffs Ayanna and LaCretia McElrath, Defendants Judd and Collins and their counsel, Janeane Cappara and Marian Toney along with City of Cleveland representative Elena Boop. The Court ordered Plaintiffs to respond to Defendants' discovery by Friday, November 17, 2017, informing that failure to do so would result in sanctions. It is clear that Plaintiffs have taken the time to file essentially unintelligible and frivolous motions for leave to amend their complaint. The Court now **DIRECTS** Defendants to file a status report on whether Plaintiffs have responded to their discovery **by 12:00 noon on Thursday, December 21, 2017**.

(Doc #: 58 at 1-2.)

-3-

On December 21, 2017, Defendants filed a status report, stating:

> To date, Plaintiffs have not provided Defendants with adequate responses to Defendants' written discovery requests and apparently do not plan to do so. Defense Counsel sent written deficiency letters to Plaintiffs on December 1, 2017. *See attached*, Defendants' Exhibit A, Deficiency Letter to Ayanna McElrath; Defendants' Exhibit B, Deficiency Letter to LaCretia McElrath.  Plaintiffs apparently received the deficiency letters on December 6, 2017.  *See attached*, Defendants' Exhibit C, December 9, 2017 Email from Plaintiffs.  In response, Plaintiffs emailed Defense Counsel on December 9, 2017 and Ayanna McElrath spoke with Defense Counsel via telephone on December 11, 2017.  *Id.*  From what can be gleaned from these communications, Plaintiffs do not plan to further respond to Defendants' written discovery requests.  For this reason, Defendants plan to file a Rule 37 Motion for Sanctions.
>
> Furthermore, Plaintiffs propounded written discovery requests upon Defendants which they subsequently withdrew.  As of the date of this filing, Plaintiffs have not propounded additional written discovery requests upon Defendants.

(Doc #: 60 at 1.)

On December 22, 2017, the Court issued an order stating, in relevant part:

> The Court has reviewed the letters Defense Counsel sent to Plaintiffs, on December 1, 2017 and Plaintiffs' responses to interrogatories and requests for production of documents that are plainly non-responsive. (See Doc ##: 60-1, 60-2.)  The Court has also reviewed Ayanna McElrath's December 9, 2017 email to Defense Counsel wherein she begins, "Adding these new claims will lengthen this case in at least two respects, resulting in undue prejudice to the Court.  First, *the Court is confident that* the amendment will affect discovery.  Discovery in these cases has been a chore."  (Doc #: 60-3 (emphasis added).)  Also, "*[T]he Court is likewise confident that* the addition of these two new claims will require additional discovery questions."  (Id.)  Plaintiffs *can not speak for the Court*, and the Court has denied Plaintiffs' frivolous effort to file a second amended complaint.
>
> This case has been pending for over a year now, and rather than cooperating with Defendants in litigating this case, Plaintiffs have used that time filing numerous frivolous, irrelevant, premature or unintelligible motions that require responses and rulings.  While the Court appreciates that Plaintiffs are representing themselves and has tried to construe their filings liberally, the Court can no longer countenance such a waste of the Court's, Defendants', and taxpayers' resources.

-4-

> Accordingly, the Court hereby **ORDERS** Plaintiffs to fully comply with Defendants' discovery in writing by **the close of business on January 5, 2018**. The Court **will not entertain any motions for an extension of this deadline**. Should Plaintiffs fail to respond fully to Defendants' discovery by the close of business on January 5, 2018, the Court will **dismiss this case with prejudice**.

(Doc #: 62 at 2-3.)

On January 8, 2018, Defendants filed the pending Motion for Sanctions seeking a full dismissal of Plaintiffs' claims with prejudice pursuant to Federal Rules 37 and 41. The Court has reviewed Plaintiffs' January 5 discovery responses. While the answers to interrogatories look a bit neater (they are now typewritten) and contain slightly more information, they are still woefully deficient. Plaintiffs' monetary demands are unsupported and utterly inconsistent. They have ranged from $500,000 general compensatory damages and $500,000 exemplary and punitive damages (Doc #: 4), to $40,000 general compensatory damages for each named officer, $50,000 general compensatory damages for each named sergeant, and $100,000 from the City of Cleveland (Doc #: 63-6, Ans. to Interrog. No. 9), to $40,000 general compensatory damages for each named officer, $50,000 general compensatory damages for each named sergeant, an additional $15,000 for ongoing medical treatment, and an additional $20,000 for emotional distress (Doc #: 63-8, Ans. to Interrog. No. 9), to $70,000 compensatory damages and $70,000 exemplary and punitive damages (Doc #: 55), to $60,000 for emotional distress from each officer and $100,000 general damages from each officer for assault and battery (Doc #: 63-11, Ans. to Interrog. No. 9), to $100,000 for general damages from each officer and $100,000 from each officer for assault (Doc #: 63-13, Ans. to Interrog. No. 9). Yet they have provided no past or current information (other than Ayanna's part-time daycare), W2 or tax statements, lost wages or

medical bills resulting from the incident at issue or anything to support any compensatory damages.

Plaintiffs have basically not responded to Defendants' Requests for Production of Documents other than filing "Evidence Packets." (Doc #: 56.) The packets consist of two documents allegedly showing Officer Judd's temperament (one of which is unintelligible, the other dating back to 2008) (Doc #: 56-2 at 2-4); documents relating to Sergeant Janelle Rutherford who is not a defendant in the case (id. at 5-10), numerous reports of the December 4, 2015 incident which Ayanna states "do not match" (Doc #: 56-3 at 6), pictures of Ayanna and LaCretia taken at the jail following the incident (id. at 13-20), documents that Ayanna describes as showing "how cases are being labeled as non criminal before investigation is completed" (Doc #: 56-4 at 1; id. at 1-13), and documents reflecting correspondence with David Hammond of the Office of Professional Standards (Doc #: 56-5 at 1-6). While some of this evidence may be relevant, they do not constitute documents expressly responsive to Defendants' request for production of documents.

## II.

A district court may order sanctions if a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written responses. Fed. R. Civ. P. 37(d)(1)(A)(ii). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. Fed. R. Civ. P. 37(d)(1)(B). Sanctions for this type of failure may include dismissing the action and must

require the defaulting party to pay reasonable expenses and attorney fees caused by the failure unless other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

If a plaintiff fails to prosecute her complaint or comply with the Federal Rules, the dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). The Sixth Circuit Court of Appeals has recognized that a dismissal under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported court [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks and citation omitted). "Determining whether dismissal is the appropriate sanction is a matter within the discretion of the district courts." *Jackson v. Sterilite Corp.*, Nos. 5:13 CV 861; 5:13 CV 862, 2014 WL 5307911, at *2 (N.D. Ohio Oct. 16, 2014) (citing *Wright v. Coca-Cola Bottling Co.*, 41 F. App'x 795 (6th Cir. 2002)).

When determining whether dismissal for failure to comply with court orders regarding discovery, failure to comply with discovery obligations, or failure to prosecute is an appropriate sanction, a court must assess four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citations omitted). These factors allow a court to balance "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16 CV 1785,

2017 WL 1251093, at *4 (N.D. Ohio Mar. 4, 2017) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (internal quotation marks omitted)).

### III.

Regarding the first factor, the Court looks to Plaintiffs' conduct to determine if they display "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang*, 420 F.3d 641, 643 (6th Cir. 2005). "The burden of showing that a failure to comply with court orders and discovery requests was due to inability, not willfulness or bad faith, rests with the individual against whom sanctions are sought." *Jackson v. Sterilite Corp.*, Nos. 5:13 CV 861, 5:13 CV 862, 2014 WL 5407911, at *2 (N.D. Ohio Oct. 16, 2014) (citation omitted). Here, Plaintiffs blatantly ignored deadlines established by the Court and the Federal Rules. Plaintiffs willfully delayed discovery by refusing to respond to all Defendants' written discovery requests despite multiple deadline extensions. With the latest extension to January 5, 2018, Plaintiffs had 84 days from the date they received written discovery to provide adequate responses. They did not provide a single document requested by Defendants, and the answers to Defendants' interrogatories is insufficient. One would have thought, having several claims survive Defendants' Motion to Dismiss, that Plaintiffs would have participated enthusiastically in discovery. They could have formally asked Defendants in writing for the documents they ultimately obtained – most of which are irrelevant to their claims. They even withdrew the written discovery requests they did propound on Defendants. Instead, they chose to spend their time filing frivolous, lengthy motions that repeatedly required the Court's time and attention, including a motion for leave to file an amended complaint that attempted to revive dismissed claims and bring back into the case

defendants who were dismissed as a matter of law.  Plaintiffs' pro se status does not excuse them from participating in the discovery process or complying with the Court's orders.

Regarding the second factor, the Sixth Circuit has held that "a defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).  The record above shows that Defendants have spent significant resources encouraging Plaintiffs to meet their discovery obligations.  That effort has been largely futile.

Regarding the third factor, the record also shows that the Plaintiffs were warned repeatedly about the failure to cooperate in discovery and that this failure could lead to dismissal.

Regarding the fourth and final factor, it is unlikely that lesser sanctions would have any effect on Plaintiffs' conduct.  They have represented that they are indigent–making monetary sanctions ineffective.  And, despite repeated warnings concerning the possibility of dismissal, Plaintiffs have repeatedly failed to respond to those warnings in any meaningful way.  Thus, the Court cannot conceive of a lesser sanction that would make any difference to Plaintiffs' current course of conduct.

The Court is mindful that dismissal with prejudice is an extreme sanction, especially when it involves a case filed by *pro se* plaintiffs such as these.  But the Court and Defendants have continually expended time and resources trying to help move this litigation forward, to little effect.

**IV.**

For all these reasons, the Court hereby **GRANTS** the Motion for Sanctions under Rule 37(d)(1)(B)[1] and Rule 41(b) and **dismisses the case with prejudice**.  As Plaintiffs are indigent, the Court orders no monetary sanctions.

**IT IS SO ORDERED.**

                                     */s/ Dan A. Polster    February 9, 2018*
                                     **Dan Aaron Polster**
                                     **United States District Judge**

---

[1] The record shows that Defendants have in good faith conferred with Plaintiffs in an effort to obtain answers or responses without court action.  Fed. R. Civ. P. 37(d)(1)(A)(ii).